**Walter J. KUKULKA, Appellant,**

v.

***Jo Anne B. BARNHART Commissioner Social Security *(Pursuant to F.R.A.P. 43(c)).**

No. 02–3107Q.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 3, 2003.

Decided Feb. 5, 2003.

108

---

Before SLOVITER, RENDELL, and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Walter Kukulka appeals from the order of the District Court affirming the final decision of the Commissioner of Social Security denying Appellant's claim for disability insurance benefits and supplemental security income under the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## I.

Kukulka was admitted to Jefferson Hospital on June 2, 1998 with what was diagnosed as acute interior wall myocardial infarction. He requested to be transferred to Mercy Hospital where he received further cardiac treatment and was discharged with a cardiac rehabilitation plan. His doctor recommended that he refrain from returning to work for three months. Kukulka had worked as a construction worker. Kukulka filed an application for supplemental security income under the Social Security Act on June 9, 1998 and an application for disability insurance benefits on July 1, 1998 because of cardiac problems. The state agency denied his applications initially and upon reconsideration. He requested an administrative hearing which was held on January 20, 2000 before an Administrative Law Judge (ALJ).

Kukulka, represented by counsel, testified that he occasionally experienced chest pains and breathing trouble while exercising, but a short rest and a nitroglycerine pill alleviated his symptoms. He testified that because of ankle pain, he could not be exposed to extreme temperatures (above 75 or below 45 ) based on his doctor's recommendations, but that his pain lessened when he elevated his legs. He also testified that he cooked, did housework, drove, watched television and exercised for one half-hour to an hour every day.

Samuel Santoro, Jr., a vocational expert, testified as to Kukulka's capacity to work, and stated that Kukulka's past relevant work as a construction worker was heavy work. The ALJ asked Santoro to consider a hypothetical individual with Kukulka's age (48 years old), education (high school graduate), and ability to perform sedentary work limited by the following: to lift and carry no more than ten pounds, to have a sit/stand option at his discretion, and to not be exposed to extreme temperatures. Based on these characteristics, Santoro testified that there is work found in significant numbers in this or the national economy suitable for the hypothetical individual, such as security guard, TV monitor, assembler, or packer. Kukulka's counsel then suggested two additional limitations: to have his feet elevated for pain relief forty percent of the time and to exercise during the work day. Santoro concluded that the hypothetical individual with the additional limitations would not be able to perform the same jobs suggested

for the hypothetical individual without the limitations.

The ALJ reviewed Kukulka's entire medical record, including medical and psychological reports in the file. The ALJ found Kukulka's complaints were credible, that the medical evidence established that he has severe heart problems and severe residuals from polio, but that his impairments neither meet or equal the severity of an impairment in the listings nor do they constitute a disability as defined in the Social Security Act.

The ALJ concluded that while Kukulka could not perform his past relevant work, he could perform other work which exists in significant numbers in the national economy and was thus not entitled to disability insurance benefits or supplemental social security income. The Appeals Council denied review, making the ALJ's finding the final decision of the Commissioner.

Kukulka sought judicial review of the Commissioner's decision. The District Court granted the Commissioner's motion for summary judgment, holding that substantial evidence supported the ALJ's decision. Appellant now seeks review of the District Court's decision.

## II.

This court reviews the Commissioner's final decision to determine whether the decision was supported by substantial evidence. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir.1999). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Pierce v. Underwood*, 487 U.S. 552, 564–65, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

On appeal, Kukulka contends that the ALJ's decision is not supported by substantial evidence. His contention that he does not retain the residual functional capacity to perform a limited range of sedentary work and cannot engage in work at any exertional level is based on the refusal of his treating cardiologist to release him to return to work. He also contends that the ALJ improperly relied on evidence of his daily activities to prove non-disability.

Disability is defined under the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (Supp.2002); 20 C.F.R. § 404.1505(a) (2002). A claimant is unable to engage in substantial gainful activity when "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A).

The Commissioner must perform a five-step sequential evaluation process to make disability determinations under the regulations. *See* 20 C.F.R. § 416.920. If the claimant fails to meet the requirements at any step in the process, the Commissioner may conclude that the claimant is not disabled under the Act. The ALJ must determine, in order: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the claimant's severe impairment meets or equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work

which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. *See* 20 C.F.R. §§ 404.1520, 416.920; *Sykes v. Apfel,* 228 F.3d 259, 262–63 (3d Cir.2000).

Claimant has the burden to establish that he is disabled under the Act. *See* 20 C.F.R. §§ 404.1512, 416.912. The ALJ should consider the claimant's ability to meet certain mental and physical demands of jobs when assessing his residual functional capacity. 20 C.F.R. §§ 404.1545(a), 416.945(a).

■ The ALJ's finding that Kukulka has the residual functional capacity to perform sedentary work which required lifting no more than ten pounds, had a sit/stand option at his discretion and did not expose him to extreme temperatures is supported by substantial evidence. Although Kukulka's treating cardiologist refused to release him to work as a construction worker, there was no evidence to suggest that he was unable to perform any work. The ALJ accounted for and accommodated the limitations suggested by claimant's treating physician that he "avoid manual labor in extremes of temperature." R. at 170. Moreover, the record shows that his cardiac condition was improving and that his chest pain was relieved by ingesting a nitroglycerine pill. His testimony combined with his treating physician's records support the ALJ's determination that Kukulka is capable of performing sedentary work with exertional and non-exertional limitations.

■ Kukulka's argument that the ALJ improperly relied on his performance of daily living as evidence of his non-disability is non-availing. The ALJ essentially found that while Kukulka's testimony regarding his subjective symptoms was credible, it did not establish total disability, especially in light of the medical evidence.

■ Finally, Kukulka cannot successfully bolster his argument that he cannot perform any work in the national economy with the vocational expert's conclusion that a person with the same limitations and experience plus the additional limitations that he must exercise during the work day and have his feet elevated forty percent of the time cannot perform the jobs suggested by the ALJ. There is no evidence on the record that Kukulka has the additional limitations suggested. The prescription of exercise contained no stipulation as to when it should be performed, thus he is free to exercise either before or after work. Further, he only needs to elevate his legs when exposed to extreme temperatures and the jobs suggested would not expose him to such temperatures.

### III.

For the reasons set forth above, we will affirm the District Court's order granting summary judgment for the Commissioner.